**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff-Respondent,<br><br>vs.<br><br>Arthur D'Amario, III,<br><br>        Defendant-Movant. | No. CIV-05-540-TUC-GEE<br>Mag. 05-4853-TUC-GEE<br><br>**REPORT AND**<br>**RECOMMENDATION** |

On August 25, 2005, Arthur D'Amario, III, an inmate currently confined at the United States Medical Center, Springfield, Missouri, filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255. [doc. #28][1] The government filed a response, and D'Amario filed a reply.

This matter was originally assigned to Magistrate Judge Velasco. Judge Velasco transferred the matter to Magistrate Judge Edmonds. Judge Edmonds has prepared a report and recommendation which is now submitted to a District Court Judge chosen by lot under the Clerk's direction – the Honorable Frank R. Zapata. The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order dismissing the motion. In the alternative, the motion should be transferred to the U.S. District Court for the District of Rhode Island. This court is without jurisdiction to entertain the motion.

---

[1] Criminal case record number.

Summary of the Case

On March 10, 2000, D'Amario was sentenced in the United States District Court for the District of Rhode Island to 18 months' imprisonment followed by a three year term of supervised release for felon in possession of a firearm. (Response, Exhibit 1.) On April 9, 2002, he was sentenced in the United States District Court for the District of New Jersey to 27 months' imprisonment (later changed to 21 months') followed by a three year term of supervised release for threatening a federal judge. *Id.* This second case was transferred to Rhode Island where the two sentences were administered jointly. *Id.*

The Rhode Island District Court later revoked D'Amario's supervised release, and on September 30, 2003, sentenced D'Amario to eleven months imprisonment and 25 months of supervised release, all terms to run concurrently for each case. *Id.* On November 9, 2004, the court amended D'Amario's conditions of release and directed him to participate in a community corrections program after a period of courtesy supervision in the District of Arizona. *Id.* D'Amario resided in Arizona with the court's permission until March of 2005 when the court instructed D'Amario to report to Coolidge House in Boston by March 30, 2005. *Id.* D'Amario failed to appear as directed, and the court issued a warrant for D'Amario's arrest. *Id.*

D'Amario was arrested in the District of Arizona and ordered detained pending his removal hearing. (Response, p. 4.) D'Amario objected to his detention and moved for a preliminary hearing. *Id.* Magistrate Judge Edmonds denied D'Amario's motion to reopen his detention hearing. *Id.* Judge Edmonds also denied D'Amario's motion for a preliminary hearing and transferred him to the District of Rhode Island. *Id.*; *See* FED.R.CRIM.P. 32.1(a)(5)(B). On June 14, 2005, the Rhode Island court revoked his supervised release and sentenced him to 12 months' imprisonment followed by a term of 13 months supervised release. [doc. # 462, District of Rhode Island] D'Amario is currently confined at the United States Medical Center, Springfield, Missouri. (Motion.)

On August 25, 2005, D'Amario filed in the District of Arizona the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255. (Motion.) He argues he is entitled to relief on the following grounds: (1) counsel failed to

1 appeal the Magistrate Judge's order of removal, (2) United States Probation Officer Brian Pletcher lied to his counsel, (3) the judges in Rhode Island are biased against the defendant, and (4) the government knowingly misrepresented the defendant's record. *Id.*

### Discussion

Collateral relief from a federal sentence is available pursuant to 28 U.S.C. § 2255 which reads in pertinent part as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (emphasis added). The prisoner is specifically instructed to direct his motion to "the court which imposed the sentence." *Id.*

In this case, D'Amario objects to actions taken in the Arizona District Court that ultimately lead to his sentence of 12 months in the District of Rhode Island. His motion, however, was not filed in "the court which imposed the sentence" – the Rhode Island District Court. The Arizona District Court is without jurisdiction to overturn a sentence imposed by the Rhode Island District Court. This motion must be filed in that court. 28 U.S.C. § 2255; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

### RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order

DISMISSING the Motion to Vacate, Set Aside or Correct Sentence pursuant to Title 28, United States Code, Section 2255. [#28] This court is without jurisdiction to entertain the motion. In the alternative, the case may be transferred to the District of Rhode Island pursuant to 28 U.S.C. § 1631. *See Hernandez v. Campbell*, 204 F.3d 861, 865 n. 6 (9th Cir. 2000).

1
2
3   Pursuant to FED.R.CRIM.P. 59 (b)(2), any party may serve and file written objections
4   within 10 days of being served with a copy of this report and recommendation.  If objections
5   are not timely filed, they may be deemed waived.
6   The Clerk is directed to send a copy of this report and recommendation to all parties.
7   DATED this 10th day of February, 2006.
8
9
10
11   _____
12   Glenda E. Edmonds
     United States Magistrate Judge
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28